UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT BONINE BEALE,

    Petitioner,

v.

B. TODD JONES, United States Attorney,
BRUCE PEARSON, Warden, FCC Yazoo,

    Respondents.

Civil No. 10-4293 (RHK/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.[1] The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that the matter be reassigned to the trial court judge who presided over petitioner's apposite criminal case – <u>United States v. Beale</u>, Crim. No. 06-10 (ADM/JJG).

**I.    BACKGROUND**

In December 2008, a jury found petitioner guilty of several federal criminal offenses, mostly involving tax evasion. He was sentenced to 134 months in prison, and he is presently serving his sentence the Yazoo City Federal Correctional Complex in Yazoo City,

---

[1] The Court acknowledges petitioner's references to "the Great Writ of Habeas Corpus ad Subjicien'dum," which is the traditional common law writ of habeas corpus. However, federal courts can issue writs of habeas corpus only as expressly authorized <u>by statute</u>, and the only conceivable <u>statutory</u> authority for the writ that petitioner purportedly is seeking is 28 U.S.C. § 2241. See <u>Carbo v. United States</u>, 364 U.S. 611, 614 (1961) ("'for the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law'"), quoting <u>Ex parte Bollman</u>, 4 Cranch 75, 93-94 (1807). See also <u>Schlup v. Delo</u>, 513 U.S. 298, 350 (1995) (Scalia, J. dissenting) (noting that "federal courts have no inherent power to issue the writ").

Mississippi.

Petitioner's conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on July 23, 2009. United States v. Beale, 574 F.3d 512 (8th Cir. 2009). Petitioner alleges that he "filed an untimely petition for certiorari to the United States Supreme Court due to unavailability of legal materials during prison transfer." (Petition, p. 4.) As far as the Court can tell, the Supreme Court did not accept petitioner's alleged belated certiorari petition, and did not enter any order granting or denying any such petition.

Petitioner's current habeas corpus petition was signed on October 12, 2010, and it was filed by the Clerk of Court on October 21, 2010. The current petition challenges the validity of petitioner's criminal conviction and sentence in United States v. Beale, Crim. No. 06-10 (ADM/JJG) [hereafter "Crim. No. 06-10"]. Petitioner is seeking an order that would "dismiss the case and release the prisoner." (Petition, p. 52.) He has identified his grounds for relief as follows:

"1.) The court failed to establish in personam jurisdiction over the Petitioner as a nonresident alien with no contacts with the forum state."
2.) The court failed to establish in personam jurisdiction by not establishing that Petitioner's status was a taxpayer subject to the jurisdiction of the charging statutes, when it was challenged.
3.) The indictment violated due process of law of the Fifth Amendment and the jury trial provisions of the Sixth Amendment by being unconstitutionally vague and failing to inform the court and the grand jury of an essential element of the offense.
4.) The court denied Petitioner's due process of law by denying his right to present evidence of his understanding of the law to the jury.
5.) The court denied Petitioner's due process of law and the jury trial provisions of the Sixth Amendment by failing to instruct the jury of the statutory authority for an essential element of the offense.
6.) Petitioner was denied his Sixth Amendment right to effective assistance of appellate counsel by his failure to raise the above grounds for relief on direct review."

(Petition, p. 5.)

For the reasons discussed below, the Court finds that petitioner's current habeas corpus petition should be construed as a motion for relief under 28 U.S.C. § 2255, and

2

transferred to the trial court judge who presided over petitioner's criminal case.

## II. DISCUSSION

The Court initially finds that petitioner cannot seek habeas corpus relief under 28 U.S.C. § 2241 in this District, because neither petitioner nor his current custodian are located in this District.

It is well-settled that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

Petitioner is currently confined in the Southern District of Mississippi, and his current custodian, the warden at the prison where petitioner is incarcerated,[2] obviously is located in that District as well. Therefore, the proper place for petitioner to file a habeas corpus petition would be in the Southern District of Mississippi.

The Court has considered whether it would be appropriate to transfer this case to the Southern District of Mississippi, pursuant to 28 U.S.C. § 1631.[3] The Court concludes

---

[2] See McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

[3] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is

it would serve no useful purpose to effect such a transfer, because the claims that petitioner is presently attempting to bring could not be adjudicated in a § 2241 habeas corpus proceeding, even if the case were filed in the proper district.

Petitioner's current petition presents a collateral challenge to his criminal conviction and sentence in Crim. No. 06-10. As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1147 (2005). Section 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, <u>to the court which sentenced him</u>, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration." <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or any other collateral proceeding), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per</u>

---

transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

4

curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. In this case, however, petitioner has made no effort to show that § 2255 is an inadequate or ineffective remedy for the claims that he is presently attempting bring, and it is readily apparent that the "savings clause" is simply not applicable here. Therefore, if this case were transferred to the Southern District of Mississippi, that court there would have to summarily dismiss the case pursuant to § 2255(e) because it would undoubtedly conclude that a motion for relief under § 2255, presented to the original trial court, is the exclusive remedy by which petitioner can collaterally challenge his conviction and sentence. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) (a federal inmate "may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court").

Alternatively, this action could properly be dismissed by this Court without prejudice for lack of jurisdiction. See Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam). However, the Court finds that the interests of justice would be better served by construing the current petition to be a § 2255 motion, and then reassigning the matter to the original trial court judge – i.e., District Court Judge Ann D. Montgomery. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal

labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."). Here, there is a particularly good reason to treat the current petition as a § 2255 motion, rather than dismiss it.

Because petitioner apparently did not file a proper and timely petition for a writ of certiorari after his conviction was affirmed on direct appeal, (see p. 2, supra), it appears that his conviction became final on direct appeal upon the expiration of the deadline for seeking certiorari review. Clay v. United States, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Petitioner's conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on July 23, 2009, and he had 90 days thereafter to seek certiorari review. Sup. Ct. R. 13.1. Thus, it appears that petitioner's conviction and sentence became final on direct appeal on or about October 21, 2009 – 90 days after the Eighth Circuit's decision was handed down. This is significant, because § 2255 motions are subject to a statute of limitations, which normally expires one year after a defendant's conviction and sentence become final on direct appeal. 28 U.S.C. § 2255(f)(1).

Based on the foregoing analysis, it appears that in petitioner's case, the deadline for seeking § 2255 review of his conviction and sentence expired on October 21, 2010, (one year after the conviction and sentence apparently became final on direct appeal). Therefore, if the current petition is not construed to be a § 2255 motion, petitioner may have already lost his one opportunity to seek post-conviction relief under § 2255. With this in mind, the Court finds that the interests of justice are best served by construing petitioner's current § 2241 petition to be a § 2255 motion.

The Court recognizes, however, that the present habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[4]  First, petitioner must be warned – and he hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. Therefore, any collateral challenges to petitioner's conviction and sentence must be raised in his present petition; he should not count on having another opportunity to seek post-conviction relief under § 2255. Id.[5]

Secondly, petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation. If petitioner does not file a timely written notice that clearly indicates his intent to withdraw his petition, he will be deemed to have consented to having his § 2241 habeas corpus petition treated as a motion for relief under 28 U.S.C. § 2255.

---

[4] See also Castro, 540 U.S. at 382-83.

[5] Under different circumstances, the Court would suggest that if petitioner has not included all of his collateral claims for relief in his current petition, then perhaps he should allow his current petition to be dismissed, and present all of his collateral challenges in a new § 2255 motion. However, that probably would be a risky course for petitioner to follow here, because, as discussed in the text, it appears that the § 2255 statute of limitations has already expired. Therefore, if petitioner were to "start over" now, by filing a new § 2255 motion, that new motion might very well be time-barred. Petitioner could, perhaps, try to amend his current petition – after it is converted into a § 2255 motion and transferred to the original trial court judge – to add new claims. However, petitioners do not have an unfettered right to amend a § 2255 motion to add new claims after the statute of limitations has expired. See Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010) ("[a]n amended motion may raise new legal theories only if the new claims relate back to the original motion by 'aris[ing] out of the same set of facts as [the] original claims'"), quoting Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir.), cert. denied, 540 U.S. 1018 (2003).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), should be construed to be a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255; and

2. The Clerk of Court should be directed to re-file petitioner's submissions in this case, and docket them as a § 2255 motion in United States v. Beale, Crim. No. 06-10 (ADM/JJG), unless petitioner files written notice on or before November 19, 2010 indicating his intention to withdraw his current petition. If petitioner does timely file his notice of withdrawal of the current petition, then the petition will be withdrawn and the case dismissed.

Dated:       October 29, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 19, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.